IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY RAY MOWDY, )
                                 ) Civil No. 03-100-JO
    Petitioner, )
                                 )
   v. )
                                 )
JOAN PALMATEER, )
                                 ) OPINION AND ORDER
    Respondent. )

    Tonia L. Moro
    Assistant Federal Public Defender
    15 Newtown Street
    Medford, Oregon 97501

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

   1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge his underlying state court conviction for Rape in the First Degree on the basis that he was denied his constitutional right to counsel. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is denied, and this case is dismissed, with prejudice.

## **BACKGROUND**

In June of 1998, petitioner was indicted on one count of Rape in the First Degree and one count of Sexual Abuse in the First Degree. The charges arose when, in 1998, the daughter of petitioner's ex-girlfriend accused petitioner of raping her in 1992. In the meantime, in 1996, petitioner was involved in a serious automobile accident which resulted in brain damage, nasal fractures, left maxillary fractures, rib fractures, a basal skull fracture, and an orbital fracture. Petitioner's Exhibit 1, p. 3. The injuries resulted in petitioner's hospitalization for almost a full year.

Given petitioner's medical history, and defense counsel's observation that he was "extremely difficult to deal with" and "subject to mood swings," petitioner was examined by Dr. Jay Cooley to determine if he was competent to stand trial. Respondents' Exhibit 118, p. 2; Petitioner's Exhibit 1, p. 1. Dr. Cooley concluded that petitioner "can not effectively participate in his

own defense" and that his "ability to appraise his legal options is seriously impaired." Petitioner's Exhibit 1, p. 11.

The State hired its own expert, Dr. Nathaniel Thomas, to evaluate petitioner's ability to assist in his own defense. Dr. Thomas found petitioner to have "mild cognitive deficits from his accident, however, these deficits are not significant enough to interfere with his ability to aid and assist in his own defense." Respondent's Exhibit 119, p. 5.

On April 29, 1999, the trial court held a hearing and found petitioner "unable to aid and assist in his own defense at this time due to mental defect." Respondent's Exhibit 104. Petitioner's criminal case was stayed and he was returned to the Oregon State Hospital. Respondent's Exhibit 108, p. 5. The case was returned to active status in August of 1999, and on November 10, 1999, the trial court determined that petitioner was able to aid and assist in his defense. Respondent's Exhibit 105.

Following the second competency hearing, petitioner authorized counsel "to attempt to negotiate a settlement which would result in a sentence less than the maximum previously offered." Respondent's Exhibit 118, p. 2. Trial counsel then negotiated a settlement agreement whereby petitioner would plead no-contest to Rape in the First Degree. In exchange, the State would not seek any departure from the guidelines sentence of 115 months and would dismiss the Sexual Abuse charge. Respondent's Exhibit 107, p. 1.

3 - OPINION AND ORDER

In preparation for the plea hearing, petitioner's trial attorney asked Dr. Cooley to examine petitioner a second time to determine whether he was capable of understanding he was waiving various rights in order to proceed with the no-contest plea. Respondent's Exhibit 118, pp 2-3; Respondent's Exhibit 108, p. 5. On the night before the plea hearing, Dr. Cooley indicated to counsel that he "felt that [petitioner] understood at least the rights contained in the plea petition to enter a plea of no contest . . . ." Respondent's Exhibit 108, pp. 5-6. Accordingly, on December 10, 1999, petitioner entered his no-contest plea, and the court sentenced him to serve 115 months in prison. Respondent's Exhibit 101.

Petitioner filed a direct appeal, but then moved to dismiss the appeal. Respondent's Exhibits 109-110. Petitioner next filed for collateral review in Oregon's post-conviction ("PCR") courts, but the PCR trial court denied relief. Respondent's Exhibits 122-124. The Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 125, 133.

Petitioner filed the current action on January 23, 2003 and raises eleven grounds for relief. Because those grounds for relief are adequately stated in the Petition and the State's Response, they are not reiterated here. Petitioner asks the court to deny relief on the Petition because: (1) most of petitioner's claims are

procedurally defaulted; (2) the state court findings are entitled to deference; and (3) all claims lack merit.

**DISCUSSION**

I. **Petitioner's Exhibits**.

As an initial matter, petitioner asks the court for permission to supplement the record with ten exhibits to support his claim that trial counsel was ineffective when he counseled petitioner to enter a no-contest plea. The exhibits consist of several letters which petitioner wrote to his trial attorney between March, 1999 and November, 1999. Respondent objects to the admission of Exhibits 2-9, but has no objection to petitioner's Exhibit 1 which has already been made a part of the record. See Respondent's Exhibit 104.

Petitioner does not request an evidentiary hearing in this case, but seeks to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Because petitioner asks the court to evaluate his claims of constitutional error in light of evidence which he did not present to the PCR trial court, he must meet the requirements for an evidentiary hearing. See Holland v. Jackson, 124 S.Ct. 2736, 2738 (2004).

A habeas corpus petitioner is not entitled to an evidentiary hearing in federal court to further develop the merits of his claim unless he diligently attempted to develop the evidence in state court, but was unable to do so. Williams v. Taylor, 529 U.S. 420,

5 - OPINION AND ORDER

433-438. (2000). If a petitioner has failed to diligently failed to develop the evidence, an evidentiary hearing is permitted only if petitioner's claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence, that no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254 (e)(2)(B).

In this case, petitioner argues that his diminished mental capacity, and his reliance upon a deficient attorney during his PCR proceedings, demonstrates that there was no absence of due diligence on his part to develop his proposed exhibits during his PCR trial. Even assuming petitioner's diminished mental capacity could justify his own failure to develop the evidence at issue in his PCR trial, petitioner's PCR trial attorney could have obtained the records on his behalf. Although petitioner claims PCR counsel was deficient, "[a]ttorney negligence . . . is chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied." Holland, 124 S.Ct. at 2738.

Petitioner does not claim that the letters he attempts to submit in this proceeding were not easily discoverable in

preparation for his PCR trial, and the evidence before this court suggests that the letters could have been obtained from his criminal trial attorney's file at any time.[1] Because petitioner did not exercise diligence in developing his evidence during his PCR trial, and cannot meet the stringent requirements of 28 U.S.C. § 2254(e)(2), his request to expand the record is denied.

## II. **Unbriefed Claims**.

As previously noted, petitioner raises eleven grounds for relief in this proceeding. Respondent filed a response to the Petition for Writ of Habeas Corpus which addresses all of petitioner's claims. In reply, petitioner filed a supporting memorandum which argues in favor of only the following two claims: (1) trial counsel improperly advised petitioner to enter a plea of no-contest; and (2) petitioner entered a plea of no-contest without understanding the consequences of doing so. Petitioner also asserts that "subsumed within the first claim are his arguments that he was not competent to enter a no contest plea because his of his head trauma and that counsel failed to investigate prior to recommending the plea." Memorandum in Support (#33), p. 10.

Although petitioner has not supported the majority of his claims with briefing, the court has nevertheless reviewed the

---

[1] It is noteworthy that petitioner's criminal trial lawyer was a witness during the PCR proceedings, therefore it is difficult to see why petitioner, with the assistance of PCR counsel, could not have produced the exhibits at issue for his PCR trial.

7 - OPINION AND ORDER

unbriefed claims and determined that they are without merit. Accordingly, petitioner is not entitled to relief on those claims. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

III. **Exhaustion and Procedural Default**.

Respondent concedes that the two claims petitioner pursues in this proceeding were fairly presented to the state courts, but argues that the claims which petitioner contends are subsumed within Ground One are not eligible for habeas corpus review because petitioner failed to fairly present them to Oregon's state courts.

A. **Standards**.

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A state prisoner has not fairly presented his federal claims to a state court unless he has referenced specific provisions of the federal constitution or statutes, or cited to federal case law. Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) as modified by 247 F.3d 904 (9th Cir. 2001).

8 - OPINION AND ORDER

A petitioner must have also presented his claim in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

B. **Analysis**.

At issue are petitioner's ineffective assistance of counsel claims which he contends are subsumed within his first ground for relief. Specifically, he alleges that counsel failed to properly advise him regarding the nature of the no-contest plea because: (1) he was not competent to enter his no-contest plea based on his mental deficiency; and (2) because counsel failed to investigate the case prior to counseling his client to enter the plea.

In his Appellant's Brief and Petition for Review during his state PCR appeals, petitioner asserted that counsel failed to

adequately educate him regarding the nature of the no-contest plea, and explicitly noted that counsel should have taken the time to explain the nature of a no-contest plea given petitioner's head injury. Respondent's Exhibits 126, 130. This claim, subsumed within his first ground for relief, was therefore fairly presented to the Oregon state courts for consideration.

At no time did petitioner inform the Oregon Court of Appeals or the Oregon Supreme Court that he wished to challenge the constitutionality of his representation on the basis that counsel failed to adequately investigate his case. Accordingly, this claim was not fairly presented to Oregon's state courts. As the time for presenting this claim passed long ago, it is now procedurally defaulted.

## IV. **The Merits**.

For purposes of discussion, the court consolidates petitioner's ineffective assistance of counsel claims as follows: Trial counsel was constitutionally ineffective when he improperly advised petitioner to plead no-contest to Rape in the First Degree when petitioner, a victim of head trauma who suffered from diminished capacity, did not understand the consequences of his plea.

### A. **Standards**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in

a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.
///

B. **Analysis**.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. In proving prejudice, a petitioner who has pled guilty or no-contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

For a habeas petitioner to succeed on an ineffective assistance of counsel claim, the Strickland test is only the first hurdle. Under 28 U.S.C. § 2254(d)(1), "it is not enough to

convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, [petitioner] must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 698-699 (2002) (citation omitted).

The PCR trial court evaluated the diagnoses of Drs. Cooley and Thomas, and made the following findings with respect to petitioner's ineffective assistance of counsel claim:

1. Petitioner received adequate assistance of counsel.

2. Petitioner's plea was knowing, voluntary, and intelligent.

3. The only issue that requires discussion is petitioner's capacity to aid and assist in his defense.

6. The affidavit of trial counsel . . . and the trial transcript . . . recite that trial counsel Ronald Thom had conferred with Dr. Cooley the evening before petitioner entered his plea, that Dr. Cooley again examined petitioner and reported that petitioner was not impaired in terms of entering a plea of no contest.

7. The trial judge was particularly thorough in assuring himself that petitioner's plea was knowingly and voluntarily made and with full understanding of the consequences.

Respondent's Exhibit 123, pp. 3-4.

Petitioner alleges that counsel failed to advise him that his no-contest plea made him culpable of Rape in the First Degree.[2] He

---

[2] To the extent petitioner also raises a separate due process claim in which he faults the criminal trial court for a similar failure, the due process claim is procedurally defaulted.

13 - OPINION AND ORDER

asserts that neither the change of plea colloquy nor trial counsel's testimony unequivocally demonstrate his understanding that he was accepting culpability for the crime. Instead, he asserts that the record before the court supports an inference only that he knew he would be sentenced.

Due process requires that a defendant's plea be voluntarily and intelligently given by a defendant who is fully aware of the direct consequences of his plea. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Mabry v. Johnson, 467 U.S. 504, 509 (1984); Brady v. United States, 397 U.S. 742, 755 (1970). In this case, petitioner signed a waiver of jury trial form as well as a petition to enter a plea of no-contest which specifically listed the rights he was giving up. Respondent's Exhibits 106-107. Counsel read the waiver and the no-contest petition to petitioner "word for word," and discussed the no-contest plea with him on a "number of occasions." Respondent's Exhibit 108, p. 3.

When the judge asked petitioner what he believed would happen to him if the judge found him to be "responsible for the rape in the first degree," petitioner correctly responded that the court would sentence him to 115 months in prison as set out in the plea

___

Petitioner could have only brought such a claim during his direct appeal, which he voluntarily dismissed. Although petitioner attempted to assert due process claims during his PCR proceedings, they were dismissed on the basis that claims of trial court error are not properly asserted in an Oregon PCR proceeding. Respondent's Exhibit 123, p. 5; Palmer v. State of Oregon, 318 Or. 352 (1994).

14 - OPINION AND ORDER

petition. Id at 6-7. The judge went to great lengths to describe to petitioner the rights he was forfeiting, as well as the difference between pleas of not guilty and no-contest. Id at 9-16. Petitioner consistently told the court that he understood the ramifications of his plea. Id at 11, 13, 15, 16.

As for petitioner's diminished capacity resulting from his 1996 automobile accident and its effect on his ability to enter a plea, he was found to be competent to aid and assist in his own defense by both Dr. Cooley and Dr. Thomas. Moreover, on the night before the plea hearing, Dr. Cooley opined that petitioner was competent to enter his no-contest plea. Respondent's Exhibit 108, p. 5. Any diminished capacity which may have afflicted petitioner did not materially affect his ability to knowingly enter his plea.

From the evidence before this court, petitioner understood that by entering a no-contest plea, he would be held responsible for the crime of Rape in the First Degree and sentenced to 115 months in prison. Because petitioner understood the consequences of his plea, counsel's performance did not fall below an objective standard of reasonableness. Even if it had, there is no reason to believe that petitioner would have insisted on proceeding to trial had the no-contest plea been more fully explained to him. For these reasons, the PCR trial court's conclusion that petitioner was not denied his constitutional right to counsel was not an

unreasonable application of the Supreme Court's decision in Strickland.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 27th day of June, 2005.

_____
Robert E. Jones
United States District Judge